DOWD, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLINE M. CURRY, ) | CASE NO. 1:12 CV 2887 |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND ORDER** |
| ) | |
| CITY OF MANSFIELD, OHIO, et al., ) | |
| ) | |
| Defendants. ) | |

On November 20, 2012, Plaintiff *pro se* Carline M. Curry filed this *in forma pauperis* action against the City of Mansfield, Ohio, Mansfield Mayor Tim Theaker, Mansfield Public Works Director Angelo Klousiadis, Mansfield Human Resources Director Dave Remy, and plant manager Mark Morgan. Plaintiff claims jurisdiction under 42 U.S.C. § 1981 et seq,, 42 U.S.C. § 1983 et seq., and 42 U.S.C. § 2000 et seq., Ohio Revised Code § 4112 et seq., and 29 CFR 1630.12, and asserts that "The City of Mansfield caused intenntional [sic] infliction of emotional stress, humiliation, deformation, [sic] of character, harassment, and discrimination in violation of 42 U.S.C. 1981 and retaliation 28 CFR 1630.12." Complaint, pp. 2-3, 23.

For the reasons that follow, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The body of the Complaint consists of a detailed, lengthy narrative beginning with an event on March 7, 2011, and ending with events occurring in December 2011. A total of 105 separate events are itemized in the Complaint. While it is difficult to characterize the narrative, Plaintiff appears to be alleging she was treated unfairly at her job, and that others, including employees she supervised, were disrespectful, insubordinate, and performed poorly.

(1:12 CV 2887)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Further, a complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

(1:12 CV 2887)

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), Plaintiff's list of 105 events do not contain the material elements of a viable legal theory or other wise contain allegations reasonably suggesting she might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF 2) is GRANTED. For the foregoing reasons, this action is DISMISSED under section 1915(e). The dismissal is without prejudice to any valid state law claims Plaintiff may have under the facts alleged.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is requested to mail a copy of this Memorandum Opinion and Order to Plaintiff at her address of record.

IT IS SO ORDERED.

January 25, 2013             s/David D. Dowd, Jr.
Date                         David D. Dowd, Jr.
                             U.S. District Judge